J. DENIS MORAN, Director State Courts
You ask whether a judge who has served for twenty years, first as a county judge and, since 1978, as a circuit judge, but who was defeated in his last reelection attempt, is eligible for appointment as a reserve judge upon his leaving the bench on August 1, 1985.
Section 753.075 (2), Stats., determines the eligibility for appointment as a reserve judge:
 (a) Any person who, as of August 1 1978, has served a total of 8 or more years as a supreme court justice or circuit judge; or
 (b) Any person who has served 4 or more years as a judge or justice of any court or courts of record and who was not defeated at the most recent time he or she sought reelection to a judicial office.
The judge is not eligible under section 753.075 (2)(b) because he was defeated when he sought reelection.
The court system of Wisconsin was reorganized effective August 1, 1978, by creating a court of appeals and by coalescing the county courts and circuit courts. This process culminated in chapter 449, Laws of 1977. Chapter 449, section 491, Laws of 1977, provided that, until the terms of individual county judges expired, each *Page 207 
county court was denominated as a circuit court and each county judge denominated as a circuit judge. That section also provided that the courts of the state were altered by making the jurisdiction, powers, duties, functions, rights, benefits and compensation of county courts and county judges identical to the circuit courts and circuit judges.
Chapter 449, section 312, Laws of 1977, created section 753.075
in its present form. The question essentially becomes, therefore, whether the fact that all county judges became circuit judges on August 1, 1978, means they were deemed to be circuit judges for the purposes of section 753.075 (2)(a) before that date. I conclude that someone who has served as a county judge before August 1, 1978, is not eligible under section 753.075 (2)(a).
Although all county judges became circuit judges on August 1, 1978, nothing in chapter 449, Laws of 1977, or any of the other legislation affecting the court reorganization, makes that designation retroactive. On the contrary, section 753.075 (2)(a) clearly requires that the person must have "served" as a circuit judge for eight or more years. Becoming a circuit judge on August 1, 1978, does not alter the fact that the judge served as a county judge before that time.
The Legislature was certainly aware of the distinction it was making in subsection (a). Subsection (b) does not refer to circuit judges; it merely requires service as a judge of a court of record.
In the absence of ambiguity, it is the duty of the court, and of this office, to give the words of a statute their obvious and ordinary meaning without resort to legislative history, rules of interpretation or canons of construction. Dept. of Transp. v.Transp. Comm., 111 Wis.2d 80, 87-88, 330 N.W.2d 159 (1983). I conclude that section 753.075 (2)(a) is not at all ambiguous. The inclusion of former county judges as eligible for appointment as reserve judges under subsection (2)(b) dispels any doubt concerning the intent of the Legislature.
BCL:AL *Page 208